## HONNOLD v. SAUNDERS *et al.*

No. 6255.    Opinion Filed September 8, 1914.

Rehearing Denied November 10, 1914.

(143 Pac. 44.)

**TOWNSHIPS—Contract for Services—Validity.** Where there is no "estimate made and approved" by the excise board, as provided by section 3, chapter 80, Sess. Laws 1911, covering compensation and expenses of one employed by a township to furnish blanks and render services incident to the issuance of funding bonds, a contract made by the township board incurring such indebtedness is unlawful, and does not become a charge against the township.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Action by C. Edgar Honnold against B. B. Saunders and others. Judgment for defendants, and plaintiff brings error. Affirmed, with directions.

*Lawrence Mills,* for plaintiff in error.

*J. R. Wood* and *A. T. West,* for defendants in error.

BLEAKMORE, J. This case presents error from the superior court of Oklahoma county. In July, 1912, Jefferson township, of Coal county, Okla., having outstanding indebtedness in the sum of $11,000, began the necessary proceedings to refund the same under the provisions of article 3, chapter 7, Rev. Laws 1910. The plaintiff in error made the following proposals to the officers of said township:

"Honorable Board of Trustees, Jefferson Township, Coal County, Okla.—Gentlemen: For the outstanding indebtedness of Jefferson township, including warrants, judgments, and claims, I will agree to take up this indebtedness by the issuing of funding bonds to be known as 'Funding Bonds of Jefferson Township, Coal County, Oklahoma,' to be dated as soon as legally can be dated, and maturing twenty-five years from date, without prior date of option, bearing interest at the rate of six per cent. per annum (6%) payable semiannually, both principal and interest being payable at the Oklahoma State Fiscal Agency, in New York City, which said bonds are to be in denominations of $1,000.00 so far as possible. I will pay you on delivery of said bonds to me in Oklahoma City, Toledo, Ohio, or Chicago, Ill., par value of said bonds. You are to furnish me with full certified transcript of all the proceedings leading up to and culminating the issue and delivery of said bonds. I further agree to pay for said bonds not later than the fifteenth (15th) day after the approval of the Attorney General. This bid is made for immediate acceptance at your meeting of this date. Respectfully submitted. C. Edgar Honnold."

"Gentlemen: As a part of my proposition to take up your outstanding indebtedness, I will agree to furnish lithographed blank bonds and all other forms and papers necessary to complete the issuance of said bonds; also agree to direct said proceedings. I will represent your township in the matter of getting district

court's approval, registering the bonds by the State Auditor, and in presenting said bonds to the Attorney General for approval. I will charge a fee equivalent to 10 per cent. of the amount of the bonds issued for my expense in completing said bond issue. Respectfully submitted, C. Edgar Honnold."

These proposals were accepted by resolution of the township board. Thereafter the bonds were duly issued and approved by the Bond Commissioner early in March, 1914, and plaintiff in error became the purchaser thereof. In the meantime chapter 214, Sess. Laws 1913, abolishing the offices of township trustee, clerk, and treasurer, and devolving the powers and duties of such officers upon the board of county commissioners, and requiring all moneys from the township to be kept on deposit in the county treasury, became effective. Plaintiff in error, on the 3d day of March, 1914, delivered to the county treasurer of Coal county his check, drawn upon the City State Bank of Oklahoma City, in the sum of $11,000, in payment for said bonds, and demanded of said treasurer that out of said sum he be paid $1,100, in compliance with the terms of the proposal above set out. The county treasurer refused, and this action was begun against the county commissioners of Coal county and the City State Bank, in which bank funds sufficient to pay said check had been deposited; plaintiff praying that his proposals in regard to said bonds and their acceptance by the township officers as above set out be adjudged one contract, and that his fees and expenses in the sum of $1,100 be paid out of the purchase price of said bonds, and that the said bank be restrained and enjoined from paying to the officers of Coal county the money represented by said check. From a judgment of the trial court, dissolving a temporary restraining order, and denying a temporary order of injunction, the plaintiff in error brings the case here.

It is alleged in the petition that the fee of $1,100 was incorporated in and made a part of the funding bond issue, and that the amount of said bonds, after deducting said sum, is sufficient to pay and discharge at par the outstanding indebtedness intended to be refunded by said bonds. Section 362 of article 3, chapter 7, Rev. Laws 1910, provides:

"Every county, every city or town, the board of education of every city, every township, and every school district, is hereby authorized and empowered to refund its indebtedness, including bonds, judgments and warrants, as hereinafter provided, upon such terms as can be agreed upon, and to issue new bonds with annual or semi-annual interest coupons attached in payment for any sum so refunded, which bonds shall be sold at no less than par, and shall not be for a longer period than twenty-five years, shall not exceed in amount the actual amount of outstanding indebtedness, inclusive of attached coupons, and shall not draw a greater interest than six per cent. per annum."

Under the provisions of said section the bonds so issued could not lawfully exceed the actual amount of the outstanding indebtedness of the township, and if by reason of any understanding or agreement between the plaintiff in error and the township officers ten per cent., the amount of the fee and expenses claimed by the plaintiff in error, was added to the amount thereof, the same was done in violation of the statute, and constituted a fraud upon the township, and plaintiff cannot profit thereby.

By section 9, chapter 80, Sess. Laws 1911, it is provided:

"It shall be unlawful for the board of county commissioners, the city council or the commissioners of any city, the trustees of any town, board of education, township board, school district board or any member or members of the aforesaid commissioners, or any of the above named boards, to make any contract for, incur, acknowledge, approve, allow or authorize any indebtedness against their respective municipalities or authorize it to be done by others, in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue. Any such indebtedness, contracts incurred, acknowledged, approved, allowed or authorized in excess of the estimate made and approved for such purposes for such current fiscal year or in excess of the specific amount authorized for such purpose by a bond issue, shall not be a charge against the municipality whose officer or officers contracted, incurred, acknowledged, approved, allowed or authorized or attested the evidence of said indebtedness, but may be collected by civil action from any official contracting, incurring, acknowledging, approving or authorizing or attesting such indebtedness, or from his bondsmen."

By section 3, chapter 214, Sess. Laws 1913, it is provided:

"No township funds shall be used or expended except in the township where raised and then only for the purposes for which the same were raised and in the manner provided by law."

Thus it will be seen that under the provisions of the statute authorizing the issuance of said bonds the amount thereof could not lawfully exceed the actual outstanding indebtedness of the township, and could only be used in refunding such indebtedness. It appearing from the record that there was no "estimate made and approved" by the excise board, under the provisions of section 3, chapter 80, Sess. Laws 1911, for the fiscal year in which the contract of employment was made, covering the compensation and expenses contemplated by said contract to be paid plaintiff, such contract was unlawful, and the indebtedness authorized and incurred thereby did not and could not become a charge against the township; and no action will lie against the defendants, as members of the board of county commissioners, who merely, *ex-officio,* exercise the powers and perform the duties that devolved upon the township board prior to its abolition.

It follows, therefore, that the action of the trial court should be affirmed; and it is so ordered, with directions to the court to dismiss the action.

All the Justices concur.