## NEW YORK PLATE GLASS INS. CO. v. WRIGHT.

No. 6736—Opinion Filed Sept. 26, 1916.

(160 Pac. 54.)

### Trial—Demurrer to Evidence.

Where the evidence introduced by the plaintiff in a cause, when viewed in its strongest aspect, admitting all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may reaonably and logically be drawn from it, fails to establish the plaintiff's case, it is the duty of the trial court to sustain a demurrer thereto.

(Syllabus by Hayson, C.)

Error from District Court, Washita County; James R. Tolbert, Judge.

Action by the New York Plate Glass Insurance Company against C. H. Wright, doing business as the C. H. Wright Dry Goods Company, for damages. Judgment for defendant, and plaintiff brings error. Affirmed.

Swan C. Burnette, for plaintiff in error.

Massingale & Duff, for defendant in error.

Opinion by HAYSON, C. The New York Plate Glass Insurance Company brought suit against C. H. Wright, doing business as 'C. H. Wright Dry Goods Company, for damages, claiming that C. H. Wright as tenant of a certain store building negligently broke a plate glass window which the New York Plate Glass Insurance Company had insured, stating in the petition that after settling the loss with the owner, by replacing the glass at an expense of $60, the owner had assigned the claim to the company. C. H. Wright filed a general denial, and the cause was tried to a jury. At the close of the

plaintiff's testimony the defendant interposed a demurrer to the evidence, which was sustained by the trial court and an exception saved by the plaintiff. The plaintiff in error, plaintiff in the trial court, brings error.

The only assignment of error urged is that the trial court erred in sustaining the defendant's demurrer to the plaintiff's evidence at the trial. The contention is without merit. The acts of negligence set up in plaintiff's petition in the trial court was as follows:

"That in operating the awning or attachment thereto on the front of said building, he carelessly and negligently threw the iron or crank, used to raise and lower the said awning, against the said plate glass in the front of said building, and thereby broke and damaged one of the large plate glass fronts in said building."

The testimony relative to negligence viewed in its most favorable light is substantially this: That on the 27th day of September the plate glass was broken by defendant C. H. Wright; that it was broken by C. H. Wright, tenant of the store building, while raising or lowering the awning in front of the building; that the apparatus for raising and lowering the awning was defective and was known to be defective by Wright; that the owner's agent sent to fix up the store building for Wright's occupancy had attempted to repair it, but without success, and called Wright's attention to its condition and warned him to exercise care in raising and lowering the awning; that the crank was liable to slip off and break the glass; that the following day the glass was broken. Three witnesses testified that upon inquiring of Wright as to how it was broken he said "that the crank accidentally slipped off the gudgeon as he brought it around and went through the window." The testimony shows that after the glass was broken the owner of the building sent a man around to repair the apparatus for raising and lowering the awning, and it was found in a very bad condition, and was subsequently repaired.

The evidence shows, when viewed in its most favorable light, merely that an injury has been suffered by accidental means. It wholly fails to show negligence, but upon the contrary affirmatively shows that the injury was caused by accidental means. Negligence is an affirmative fact to be established by the evidence. It cannot be presumed. In Chicago, R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 878, this court in the second paragraph of the syllabus, lays down this rule:

"(a) Where there is no evidence reasonably tending to show that such party sought to be charged was guilty of negligence, it is error for the trial court to submit such issue to the jury."

Is there any evidence here which reasonably tends to show that the defendant was guilty of negligence? Our court has repeatedly held that the mere fact that one sustains an injury to his person or property is not of itself sufficient to carry with it a presumption of negligence. Some of the recent cases are Chicago, R. I. & P. R. Co. v. Foltz, 54 Okla. 556, 154 Pac. 519; Chicago, R. I. & P. R. Co. v. Nagle, 55 Okla. 235, 154 Pac. 667; Chicago, R. I. & P. R. Co. v. Tate, 57 Okla. 215, 156 Pac. 1182.

What have we in this case, aside from the fact that an injury was sustained, that would tend in any degree to establish negligence upon the part of defendant in error, Wright, of which the plaintiff in error can complain? The plaintiff in error is in the same position here as the owner of the buildins, its assignor, would be had he been plaintiff in the trial court. Plaintiff in error urges that the fact that Wright was informed, by the agent of the owner of the building, of the defective condition of the apparatus used in lowering and raising the awning and was warned to be careful in operating such apparatus, and the fact that the crank did slip off the gudgeon and broke the glass, are sufficient to infer negligence upon the part of Wright. This kind of reasoning, we fear, when carried to its conclusion, would lead us to some absurb positions, and would place too great a burden upon a party charged with negligence.

"Negligence," as defined by our court in Prickett v. Sulzberger & Sons Co., 57 Okla. 567, 157 Pac. 357, "is defined to be the want of ordinary care by one owing the duty of such care to another."

Wright owed only the duty to the owner of the building to exercise "ordinary care" not "extra care" or "great care." There is no evidence in the record, aside from injury itself, that would tend to show, or by which it might be inferred, that Wright failed to exercise such care as a reasonable and prudent person would exercise under like or similar circumstances. But, upon the contrary, the only evidence relative to the injury shows it was an accident for which the defendant in error could not be held responsible.

Having carefully considered the evidence introduced in this case, we conclude that such evidence, when viewed in its most favorable light admitting all the facts which the evidence in the slightest degree tends to prove, together with all the inferences and conclusions which may reasonably and logically be

drawn from it, fails to establish the plaintiff's case, and the trial court properly sustained the demurrer to' the plaintiff's evidence. The case is therefore affirmed.

By the Court: It is so ordered.