## KLINE et al. v. KOLLMAN.

No. 9702—Opinion Filed Sept. 7, 1920.

(Syllabus by the Court.)

**Appeal and Error—Sustaining Demurrer to Evidence—Prejudicial Error.**

Where the trial court in a case tried without the intervention of a jury did not make findings of fact, and there is nothing in the record affirmatively showing that the court, in sustaining the defendant's demurrer to the plaintiff's evidence, weighed the evidence as upon final submission, and where the evidence tested by the rule applicable to a demurrer to the evidence is sufficient, a judgment sustaining the defendant's demurrer will be reversed.

Error from District Court, Beaver County ; Thomas A. Edwards, Assigned Judge.

Action by Ferdinand P. Kline and Ellen M. Kline against Frederick Kollman' to have a deed decreed a mortgage. Judgment sustaining defendant's demurrer to plaintiffs' evidence, and plaintiffs bring error. Reversed.

Claude T. Smith, J. W. Culwell, and Loofbourrow & Rizley, for plaintiffs in error.

E. A. Dickson, Stacy Wells, and John L. Gleason, for defendant in error.

RAMSEY, J. Plaintiffs in error, as plaintiffs below, commenced this action against the defendant in error, defendant below, in the district court, to have a deed executed by them to defendant on July 25, 1914, adjudged to be a mortgage, and that they be permitted to redeem by paying the mortgage, indebtedness, etc. The defendant's demurrer to plaintiffs' evidence was sustained, and judgment entered in favor of defendant.

It is firmly settled by the decisions of this court that a demurrer by a defendant to the plaintiff's evidence admits the truth of all the plaintiff's evidence, together with such inferences and conclusions as may reasonably be drawn therefrom. Flesher v. Callahan, 32 Okla. 283, 122 Pac. 489. The defendant did not request the trial court to find the facts and render a decree in his favor. The court made no findings of fact, but simply sustained the demurrer on the ground that "the evidence offered on the part of plaintiffs is insufficient to entitle them to any relief under the pleadings in this case, or to establish any of the material allegations contained in their petition." We have examined the evidence and find it amply sufficient to withstand the demurrer thereto. There is a difference in weighing evidence on a demurrer thereto, and weighing evidence on a request for a judgment in favor of defendant, or on submission of the case for judgment. If the defendant's demurrer is overruled, he may then introduce his proof. Quaere: If defendant demurs to the plaintiffs' evidence, and couples therewith a request for findings and a judgment in his favor can he then introduce evidence upon the court overruling his request? The record does not bring this case under the rule announced in Porter v. Wilson, 39 Okla. 500, 135 Pac. 732, and Lowrance v. Henry, 75 Okla. 250, 182 Pac. 489.

The judgment of the trial court is reversed on the authority of Bailey v. Privett, 64 Oklahoma, 166 Pac. 150, and remanded, with directions to grant plaintiffs in error a new trial.

RAINEY, C. J., HARRISON, V. C. J., and KANE, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.