## LORD v. OKLAHOMA STATE FAIR ASS'N.

No. 12528—Opinion Filed Oct. 23, 1923.

(Syllabus.)

**1. Trial—Demurrer to Evidence—Effect.**

A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from such evidence. On a demurrer to the evidence, the court cannot weigh conflicting evidence, but will treat as withdrawn that which is most favorable to the demurrant.

## 2.    Bailment — Definition.

A bailment is a delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be.

## 3.    Trial — Demurrer to Evidence — When Sustained.

Where the evidence, with all the inferences that can be properly drawn from it, is insufficient to support a verdict, a demurrer thereto should be sustained.

## 4.    Same — Action for Loss of Automobile.

Record examined, and held, that the trial court did not err in sustaining a demurrer to plaintiff's evidence.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by the plaintiff in error, Homer R. Lord, against. the Oklahoma State Fair Association. Judgment for defendant, and plaintiff appeals. Affirmed.

W. M. Wallace and Hayson & Lukenbill, for plaintiff in error.

Everest, Vaught & Brewer, for defendant in error.

NICHOLSON, J. Homer R. Lord, as plaintiff, instituted this action against the Oklahoma State Fair Association, as defendant,. to recover damages in the sum of $600, alleging in his petition that the defendant was negligent in the loss of an automobile owned by him, and placed in its possession as bailee for hire; that the defendant had charged him the sum of 25 cents to drive and leave his automobile within its enclosure, and received and accepted said sum as payment for the entrance and storage of said automobile.

The defendant answered, admitting the receipt of said sum of 25 cents from the plaintiff, but denied that the same was received or accepted for the purpose of entrance and storage of said automobile, and averred that the plaintiff paid said sum merely as an entrance fee into the grounds of said defendant, and specifically denied that it assumed to watch said car, or protect the same during the time it was in the enclosure of the defendant.

Upon the issues thus framed, the cause came on for trial, and at the conclusion of the plaintiff's evidence the defendant demurred thereto, which demurrer was by the court sustained, and judgment was rendered for the defendant. From this judgment the plaintiff has appealed.

The only question presented is whether or not the court erred in sustaining the demurrer to plaintiff's evidence.

In determining this question, it must be borne in mind that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from such evidence. On a demurrer to the evidence, the court cannot weigh conflicting evidence, but will treat as withdrawn that which is most favorable to the demurrant. Marshall Mfg. Co. v. Dickerson, 55 Okla. 188, 155 Pac. 224; Sartain v. Walker, 60 Okla. 258, 159 Pac.. 1096; Kline v. Kollman, 79 Okla. 179, 192 Pac. 208; Felt v. Westlake, 68 Okla. 294, 174 Pac. 1042; Fowler v. Swank, 78 Okla. 150, 189 Pac. 194.

Hence, it becomes necessary to analyze the evidence on behalf of the plaintiff, the substance of which is: That during the state fair of 1919, the plaintiff and his family drove from their home south of El Reno to Oklahoma City in plaintiff's Ford automobile, for the purpose of attending such fair. Upon arriving at the fair grounds, the plaintiff inquired of a man in charge of the gate at one of the entrances to such grounds, the price of admission, and was advised that it was 50 cents for each person and 25 cents for the car. Such sums were paid and the plaintiff drove said car to a point near the live stock pavilion and parked the same where there were many other cars parked, and he and his family alighted. Within five or ten minutes after leaving the car the plaintiff returned and discovered that his car was missing. He inquired of a couple sitting in a car near where his car had been, whether they had seen anybody move his car, and was advised that two young men had driven it away. He reported the loss to the police department, but has never recovered his car. He testified that he was not given a check to identify his car, and the car was not delivered to any employe of the defendant, but was merely parked by him. Does this evidence show facts sufficient to constitute a cause of action against the defendant? We think not.

A bailment is defined as:

"A delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be." 6 C. J. 1084, and cases cited.

It will be observed that the plaintiff failed to offer any evidence showing or tending to show that he delivered the car to the defendant under a contract, either expressed or implied. In fact, he does not claim that he actually delivered the car to the defendant, or any of its agents or employes, and the evidence wholly fails to show a constructive delivery. The plaintiff had the custody of the car when he entered the grounds of the defendant and retained the control of it when he parked. He never surrendered the possession or control to the defendant or any of its agents, and never gave notice to them that he had parked the automobile. The defendant never at any time had the custody or control of the automobile, and never assumed any control whatever over it. The most that is shown by the evidence is that the plaintiff paid the defendant the sum of 25 cents for the privilege of taking the car within the defendant's enclosure, and that this was done for his own convenience, and without any thought upon the part of either of the parties that such car was either actually or constructively in the possession of the defendant.

A careful examination of the entire record convinces us that the plaintiff's evidence wholly fails to support the allegations of his petition, and that such evidence, with all the inferences that could properly be drawn therefrom, was insufficient to support a verdict in his favor had one been returned, and under these circumstances, the demurrer should have been sustained. Shawnee Fire Ins. Co. v. Thompson & Rowell, 30 Okla. 466, 119 Pac. 985; Pringey v. Guss, 16 Okla. 82, 86 Pac. 292; Farmers' State Bank v. Jordan, 61 Okla. 15, 160 Pac. 53; New York Plate Glass Ins. Co. v. Wright, 61 Okla. 47, 160 Pac. 54.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, COCHRAN, and MASON, JJ., concur.