### SCHNEIDER v. ATHEY.

No. 15549—Opinion Filed Sept. 8, 1925.

(Syllabus.)

**1. Pleading—Sufficiency of Petition on Demurrer.**

In considering a demurrer to the petition it is the duty of the court to examine the petition and the exhibits thereto attached, and if the petition, together with the exhibits, states facts sufficient to constitute a cause of action against the defendant it is the duty of the court to overrule such demurrer.

**2. Trial—Demurrer to Evidence—Failure of Plaintiff's Evidence.**

Where the evidence introduced by a plaintiff in a cause, when viewed in its strongest aspect, admitting all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may reasonably and logically be drawn from it, fails to establish the plaintiff's case, it is the duty of the trial court to sustain a demurrer thereto.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Roy Athey against E. L. Schneider on contract. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

McKeever, Moore & Elam, for plaintiff in error.

Harry O. Glasser, for defendant in error.

RILEY, J. This is an appeal from judgment of the district court of Garfield county, Okla. The defendant in error, Athey, and plaintiff in error, on the 13th day of April, 1921, entered into a written agreement and consummated the purchase and sale of 134¼ shares of the capital stock of the First National Bank of Hennessey, Okla., for the consideration of $25,500. For the purpose of representing the true value of the stock as based upon the then disclosed liabilities of the bank the agreement heretofore mentioned was entered into between the parties. This agreement is attached as Exhibit "A" to the petition of plaintiff below, and the parts thereof bearing upon the controversy are as follows:

"He (Schneider) also agrees with the said second party (Athey) the correctness of all balances on the books and accounts of said bank, as shown by the statement made this day, and that there is no liability against said bank by reason of any endorsement, or otherwise, on any note, paper, or rediscount, except the following: J. E. Walter, $2,000, Natl. Bank of Commerce, K. C.; I. J. Corwin, $1,700, Fourth Natl. Bank, Wichita; J. E. Walter, $1,000, Okla. Stock Yards Natl. Bank, Okla. City; Hennessey Mill, $5,000, Natl. Bank of Commerce, K. C.; J. C. Stenson, $3,000, Enid Natl. Bank, Enid."

After the purchase of the stock by Athey and after he took control of the bank, the federal government audited the bank's income tax returns for previous years, and as a result thereof the bank was compelled to pay upon the entire stock of the bank additional income tax in the sum of $663.86, and subsequently an additional payment of such tax in the sum of $270.45, together with $100, attorney's fees for service in that connection; the total amount of such tax levied against the stock of the bank for the three years being $934.31.

The defendant in error prayed for judgment against Schneider, by reason of the undisclosed liability upon the stock so purchased, in the proportion that the number of shares of stock purchased bore to the total number of outstanding shares of stock in the bank, and likewise the defendant in error's proportionate part of the attorney's fees paid. For which the trial court rendered judgment in the sum of $553.41.

The four assignments of error set out in the brief of plaintiff in error are directed against the judgment of the trial court in

the following matters: In overruling the demurrer to the petition; in overruling the demurrer to the evidence of defendant in error; in overruling the motion for new trial; in rendering judgment in favor of defendant in error against plaintiff in error.

The assignment of error concerning the motion for new trial is very briefly presented by plaintiff in error and said to include those complained of in 1, 2, and 4.

"In considering a demurrer to the petition, it is the duty of the court to examine the petition and the exhibits thereto attached, and if the petition, together with the exhibits, states facts sufficient to constitute a cause of action against the defendant, it is the duty of the court to overrule such demurrer, Woods v. Chapman, 87 Okla. 49, 211 Pac. 396.

In the case at bar the petition of the purchaser of the stock alleges that the seller guaranteed the balances and liabilities of the bank, enumerated some of them and referred to the books of the bank as to the others; the allegation is further made that the seller failed to disclose the unknown liability concerning the income tax due the federal government upon the stock sold. We are of the opinion that the trial court ruled correctly upon the demurrer to the petition.

The defendant in error was the only witness who testified upon the trial. His testimony was introduced without objection, and it went to prove the execution of the written agreement heretofore mentioned and the payment of the income tax upon the stock purchased, the chief objection of plaintiff in error being that no proof was brought to show the incorrectness of the bank's books on the date of the sale of the stock. Surely, proof of a failure to include a notation on the books of the bank of a liability against the stock of the bank would have established the incorrectness of the books and have entitled the purchaser to recover for taxes which accrued prior to the sale and which were subsequently paid by the purchaser.

The written agreement was intended to protect Athey against undisclosed liability against the stock. The books of the bank would have disclosed whether or not the liability against the stock for taxes to the federal government was recorded at the time of the transfer. The books were not introduced in evidence, nor did any one testify that they had examined the books to ascertain what was disclosed in this connection. If the liability for such tax was shown correctly upon the bank's books at the time of the transfer, in view of the contract made, the purchaser would not be entitled to re-

cover. The judgment, therefore, is not sustained by the evidence.

We cannot say under the evidence that the books of the bank did not disclose the liability of the bank for the income tax assessed against the stock of the bank. We cannot speculate as to what might be revealed from an examination of books of the bank bearing upon the showing of liability against the stock in question.

After a careful examination of the record, we are of the opinion that the evidence wholly fails to support the allegations of the petition, and that the evidence contained in the record, with all the inferences that can properly be drawn therefrom, is insufficient to support the judgment rendered. We think the demurrer to the evidence should have been sustained. Lord v. Okla. State Fair Ass'n, 95 Okla. 294, 219 Pac. 713; Shawnee Fire Insurance Co. v. Thompson & Rowell, 30 Okla. 466, 119 Pac. 985; Pringey v. Guss, 16 Okla. 82, 86 Pac. 292, 8 Ann. Cas. 412; N. Y. Plate Glass Ins. Co. v. Wright, 61 Okla. 47, 160 Pac. 54.

There was no evidence adduced upon the trial bearing upon or touching the attorney fee allowed in the judgment.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

BRANSON, MASON, PHELPS, and LESTER, JJ., concur.