## OKLAHOMA CITY v. HAYNES.

No. 16160—Opinion Filed Jan. 12, 1926.

Rehearing Denied March 9, 1926.

**Municipal Corporations—Liability for Patrolman's Salary Until His Legal Discharge.**

Where a patrolman is regularly employed by the city authorities at a stipulated salary, and renders the services incident to his employment as such patrolman, he is entitled to his salary as agreed upon so long as he renders the services incumbent upon him as a patrolman, or until such time as he is formally discharged by the properly constituted authorities of the city, to whom the power has been delegated to employ and discharge patrolmen.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Oscar Haynes against the City of Oklahoma City. Judgment for plaintiff, and defendant brings error. Affirmed.

John Frank Martin and R. E. Wood, for plaintiff in error.

W. A. Smith, for defendant in error.

Opinion by JONES C. This cause was instituted in the district court of Oklahoma county on March 21, 1924, by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover the sum of $200, alleged to be a portion of the salary of the plaintiff, who was a patrolman in Oklahoma City, for services rendered during the year of 1922.

The defendant answers by way of general denial, and further answering, avers that the services rendered, if rendered, were voluntary on the part of the plaintiff and done without expectation of pay or reward, and further avers that if plaintiff was employed and rendered the services as alleged, said contract was void and without legal effect under the charter of the city of Oklahoma City. Upon the trial of the case before the court without the intervention of a jury, judgment was rendered in favor of the plaintiff for the amount sued for, from which judgment the appellant prosecutes this appeal. The assignment of error to the effect that the court erred in rendering judgment in favor of the plaintiff and against the defendant covers all of the questions raised by the assignments of error.

Appellant contends that in March, 1922, there was an agreement entered into by and between all patrolmen and the policemen on the appellant's force in Oklahoma City to the effect that they would continue to serve in their positions at half pay, for the reason that there was a shortage in the fund set aside and created for payment of the salaries of policemen and patrolmen, and that in the absence of such an agreement, it would have resulted in a number of the force being discharged for the months remaining in that fiscal year. There is no contention that the appellee, Oscar Haynes, was ever formally discharged, and while some question is raised as to whether or not he rendered the services as alleged, there is no evidence in support of this contention. J. C. Walton, who was then mayor of the city, was called as a witness and gave testimony of an agreement of this character, but was not sure that the appellee, Haynes, participated in the agreement, and in fact there is no positive or direct proof that he did participate in such an agreement, and appellee positively denies that he participated in the agreement or had any knowledge of the same. The first information Haynes had concerning the matter was when he called for his pay check for the month of March, on April 1, 1922, at which time he was advised by the clerk that he had been left off the pay roll for the last half of the month; he seems to have also been left off of the pay roll for the first half of May and for the last ten days of June, which under the terms of his employment would entitle him to receive for services as patrolman the amount sued for. Appellant contends that its failure to pay the salary for the entire months of March, May, and June was by reason of the fact of a shortage existing in the funds out of which the salaries of patrolmen and policemen were paid. The record discloses that the salary claims of all the police and patrol force for the month of April were assigned some member of the appellant's force, who instituted suit and obtained judgment against the city, and that the salary for April was paid by reason of this judgment, but our attention is called to no facts disclosed by the record, and we discover none that we deem sufficient to establish the fact, that no funds were available for the payment of the appellee's claim in this particular case. The record discloses and it is not seriously controverted that the appellee was duly appointed and commissioned as a patrolman and served in that capacity until the latter part of 1923.

Appellant makes some contention that appellee was guilty of laches in filing his claim and instituting suit thereon; however, no authority is cited in support of this contention, and we take it that it is a matter controlled by the statute of limitation, and

until the statute had run, the appellee would be entitled to maintain the suit.

We are inclined to the opinion that the judgment of the trial court was correct, and that until the appellee was formally and properly discharged as provided by law, he would be entitled to compensation for his services at the salary stipulated, so long as he continued to render such services. In 28 Cyc. 525, the following rule is announced:

"Where a police officer is suspended for a given number of days or weeks by a tribunal having no power so to do, another tribunal having that power, the attempted suspension is a nullity and he is entitled to his salary for the period during which he was unlawfully suspended. So too where a municipal board by its rule makes suspension a joint matter between itself and the chief of police, suspension of a policeman by the board alone, pending the hearing of charges of misconduct, is void, and he is entitled to his salary from the date of the suspension to the date of the order of removal."

This rule seems to have been followed in the case of Louisville v. Gorley (Ky. App.) 80 S. W. 203; Bringgold v. Spokane (Wash.) 67 Pac. 612. In this case the plaintiff in the trial court established his contract of employment as patrolman and the fact that he had rendered the service, and the burden was upon the city, defendant, to prove its averments of lack of funds and the illegality of the contract, which it clearly failed to do, and in view of the authorities cited and the facts as disclosed by the record, we find that the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.