## WILSON v. OKLAHOMA CITY.

No. 17289—Opinion Filed Nov. 9. 1926.

Rehearing Denied Dec. 21, 1926.

**1. Municipal Corporations—Persons Dealing with Municipality Charged with Notice of Legal Limitations of Powers.**

Whoever deals with a municipality does so with notice of the limitations on its or its agents' powers. All are presumed to know the law, and those who contract with it, or perform services, do so with reference to the law; and if they go beyond the limitations imposed they do so at their peril.

**2. Same—Validity of Contracts Subject to Limit of Current Revenue.**

The intention and plain purpose of section 26, art. 10, of the Constitution is to require municipalities to carry on their corporate operations upon the cash or pay as you go plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided.

(Syllabus by Thompson, C.)

Commissioners' Opinion. Division No. 5.

Error from District Court, Oklahoma County; Geo. C. Crump, Assigned Judge.

Action by W. A. Wilson against the City of Oklahoma City. Judgment for defendant, and plaintiff brings error. Affirmed.

W. A. Smith, for plaintiff in error.

John Frank Martin, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Oklahoma county, Okla., by W. A. Wilson, plaintiff in error, plaintiff below, against the city of Oklahoma City, a municipal corporation,

defendant in error, defendant below, to recover the sum of $2,488.95 with interest, claimed to be due him as patrolman or policeman, and 16 others whose claims had been assigned to him. The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

The petition of plaintiff alleges that he and his assignors worked for the defendant as patrolmen or policemen of the said city, and there was an unpaid balance due them in the sum of $2,488.95; that the claims of the other policemen had been assigned to him; that they had filed their sworn claims with the defendant, and payment had been refused, and that the amount due each of the policemen was set forth in separate causes of action and exhibits of itemized claims attached to and made a part of the petition. The defendant answered by way of general denial. Plaintiff introduced his testimony and rested. The defendant interposed a demurrer to the sufficiency of the evidence to sustain the causes of action, which was by the court sustained and exception reserved by the plaintiff. After an unsuccessful motion for new trial, the court rendered judgment in favor of the defendant, and the cause comes regularly upon appeal to this court from said judgment.

The attorney for plaintiff in error assigns two specifications of error: (1) The overruling of the motion for new trial, and (2) the order of court sustaining the demurrer of the defendant to the evidence and rendering judgment in favor of the defendant.

The evidence introduced by plaintiff shows that there was not sufficient money in the yearly budget to carry the police department over the entire year, and the mayor of the city and chief of police called in the plaintiff and his assignors and informed them that there were not sufficient funds provided to run the police department through to the end of the fiscal year, ending June 30, 1922, and that the defendant would be unable to pay them for their services out of the funds provided therefor, and informed the plaintiff and his assignors that they could use their own judgment as to whether they should continue to serve the city or not, and take their chances on getting their pay, and told them that the officers of the city would use every means to make some provisions to meet the emergency; that the city would like to have them continue performing the services. The mayor himself testified for the plaintiff that there was not sufficient money appropriated to take care of the police department's pay roll, but that he told the plaintiff and his assignors that he would do everything in his power legally to see that they would be paid for vacation services, and that the reason of nonpayment was shortage of funds, but that practically all the policemen worked during this period without pay upon the condition that if any legal way could be found to pay them, they would be paid.

From the evidence adduced, it is clear that the mayor and the heads of the police department told the policemen that a layoff was necessary, on account of shortage of funds, and that they would not be compelled to work, but that they would appreciate it as a personal favor if they would work on without pay. Some of the policemen worked, while others did not, and the most that can be said in favor of the plaintiff's claims is that the officers agreed with those who did work that an attempt would be made to provide for their payment, if any legal means could be found for raising the amount to pay them, and that those who did work did so with the understanding that while they worked, there was no fund to pay them out of the present budget. The conclusion to be drawn from the testimony is that these policemen performed the services with full knowledge of all the facts, and they exercised their own judgment as to whether they should work or not.

It is well established that a contract by a municipality in excess of the appropriations made by the excise board, under the provision of section 27, of art. 10, of the Constitution, and sections 8633, 8638, and 9702 of Comp. Stat. 1921, is illegal and unenforceable in the courts of this state, Honnold v. Saunders, 43 Okla. 714, 143 Pac. 44; Haskins & Sells v. City of Oklahoma City, 36 Okla. 57, 126 Pac. 204; State ex rel. Decker v. Stanfree, 34 Okla. 524, 126 Pac. 239; Threadgill v. Peterson, 95 Okla. 187, 219 Pac. 389; Wood v. Phillips, 95 Okla. 255, 219 Pac. 646; Lacy v. Board of Education, 98 Okla. 237, 224 Pac. 712; Comstock v. City of Commerce, 100 Okla. 302, 229 Pac. 167; U. S. Tire & Rubber Co. v. City of Tulsa, 103 Okla. 163, 229 Pac. 771.

Under the provision of the Constitution, supra, as construed by this court, in the case of Eureka Fire Hose Mfg. Co. v. Town of Granite, 59 Okla. 282, 159 Pac. 308, it is said:

"* * * A town council has no power, without an express vote of the people authorizing it, as provided for in said section of the Constitution, to create a present indebtedness to be paid out of the revenues of future years."

This construction of the Constitution is applicable to the city commissioners, mayor, or anyone else in any city or town in this state.

It was also held, in the case of O'Neil Engineering Co. v. Town of Ryan. 32 Okla. 738, 124 Pac. 19, by this court, that:

"1. Whoever deals with a municipality does so with notice of the limitations on its or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed they do so at their peril.

"2. The intention and plain purpose of section 26, art. 10, of the Constitution, is to require municipalities to carry on their corporate operations upon the cash or pay-as-you-go plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided."

If the appropriation were insufficient, our Constitution provides "a complete referendum for submitting to the voters the question of incurring indebtedness in excess of the current revenue. with the limitations therein established." O'Neil Engineering Co. v. Town of Ryan, supra.

Attorney for plaintiff cites and relies upon the case of Oklahoma City v. Haynes, 116 Okla. 227, 244 Pac. 20, but in that case, after an examination of the record and the opinion, we find that Haynes was never informed that the fund had been exhausted and that his salary could not be paid out of the budget. and the first he knew he was not going to be paid was when he called for his pay at the auditor's office and there ascertained that he had been left off the pay roll, and it also appears in the Haynes Case that there was no evidence whatever that the money was not available out of the appropriation. and we therefore conclude that the Haynes Case does not present the same state of facts as appears in the plaintiff's testimony in this case.

These officers are to be commended for performing the services as a personal favor to the officials in charge of the department, and for their loyalty. and it is to be regretted that they cannot legally, under the Constitution. law, and decisions of this court, be paid for such services, but, following the provisions of the Constitution, which have been interpreted by this court, and the decisions of this court upon the question herein involved. we are clearly of the opinion

that the plaintiff and his assignors, under the facts testified to by them did not establish a cause of action upon which they could legally recover in this case.

Having arrived at this conclusion, it is unnecessary to pass upon the question raised by counsel for defendant as to the sufficiency of the assignments by the other policemen to the plaintiff, or other questions in this case.

We are therefore of the opinion that the judgment of the court in sustaining the demurrer to the evidence was correct. and that the same should be and it is hereby affirmed.

By the Court: It is so ordered.