## SCHNEIDER v. ATHEY.

No. 17395.    Opinion Filed Jan. 3, 1928.

(Syllabus.)

1. **Banks and Banking—Taxation—Liability of Seller of Bank Stock for Tax Accrued Previous to Sale.**

Where, in a written contract for the sale of bank stock, the seller guarantees the correctness of the accounts of said bank, "as shown by the statement made this day" (the date of the sale), and neither said statement nor the books of the bank contain a notation that any tax is due, nor show any money reserved for the payment of taxes, the seller is liable for any government tax that accrued prior to the date of said sale.

2. **Internal Revenue—Federal Income Tax Assessment Presumed Correct.**

An assessment of a federal income tax against a bank by the officers of the United States government will be presumed correct in the absence of proof to the contrary.

Commissioners' Opinion, Division No. 1.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Roy Athey against E. L. Schneider for income tax due against bank stock prior to date of sale from Schneider to Athey. Judgment for plaintiff for amount of said tax, and defendant appeals. Affirmed.

D. D. Stull and McKeever, Moore & Elam, for plaintiff in error.

Harry O. Glasser, for defendant in error.

FOSTER, C. On April 13, 1921, Roy Athey, defendant in error, plaintiff below, purchased from E. L. Schneider, plaintiff in error, defendant below, 134¼ shares of the capital stock of the First National Bank of Hennessey, Okla., for the sum of $25,000, pursuant to a written agreement entered into on said date between the parties. The agreement is attached to the petition, and, among other things, contains the following clause:

"He (Schneider) also agrees with said second party (Athey) the correctness of all balances on the books and accounts of said bank as shown by the statement made this day, and that there is no liability against said bank by reason of any indorsements, or otherwise, on any notes, paper or rediscount. * * *"

After the sale of the stock, the United States internal revenue officers made an audit of the books, and determined that there was due for income tax prior to the sale the sum of $934.31, which the First National Bank of Hennessey paid, and in addition thereto $100 as an attorney's fee in adjusting said assessment of taxes, making a total of $1,034.31.

The plaintiff below (Athey) thereupon brought suit against Schneider for the proportionate part of said taxes and attorney's fee that the shares of stock purchased by him bore to the entire amount of the stock, alleging that he was damaged in the sum of $553.41.

The lower court rendered judgment in favor of Athey against Schneider for said sum of $553.41, from which judgment Schneider appealed, and said cause was reversed by this court in the case of Schneider v. Athey, 113 Okla. 94, 239 Pac. 242.

In that appeal, however, the court held that the petition of the plaintiff, together with the exhibits, was sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, and specifically held that the written agreement was intended to protect Athey against undisclosed liabilities against his stock, but reversed the case because the books of the company were not presented, nor did any one testify that the books did not disclose the taxes were due.

On a retrial of the case the plaintiff presented testimony, showing that at the time of the sale, the 13th of April, 1921, while the books of the company were correct, there was no notation that any tax was due. It clearly appears that the tax had not yet been determined by the United States officers, and on the daily statement of the bank there was no item reserved for taxes, nor any indication that any tax whatever was due at the time of the sale. It appears that Schneider did not know that any tax was due.

Defendant below did not introduce any testimony, but appealed from the judgment of the court after his demurrer to plaintiff's evidence had been overruled.

Defendant contends, however, that, since the books of the company were correct as to all items that appeared thereon, it was the duty of the purchaser to examine the books and apply the correct law to the case, and therefore determine whether or not any tax was due on the stock he purchased.

Under the terms of the contract and the decision of this court above referred to, we do not believe the purchaser was required to assume any such burden. The seller of this stock agreed that the statement made this day, the 13th of April, 1921, was correct, and that the statement did not show any taxes due nor money reserved for the payment of taxes. This statement clearly indicates that no tax whatever was due,

and we believe the purchaser had a right to rely thereon.

It is next contended that no sufficient showing is made to establish that an income tax was actually due against the Bank of Hennessey, and that the defendant cannot be bound because the officers agreed with the auditors of the United States government and voluntarily paid the income tax.

It appears that the officers of the United States government assessed this tax, and while it does not appear from the record on what facts they based their conclusion, yet, in the former appeal this court found the evidence was sufficient to warrant the assumption that the tax was legally levied against the bank. It is an established rule that, in the absence of proof to the contrary, it will be assumed that the officers did their lawful duty, and that the tax was a legal obligation against the bank.

We believe the case of Schneider v. Athey, supra, settles all the questions in this case, with the exception that in the first trial no evidence was presented to show whether or not the books of the bank and the daily statement of the bank indicated that an income tax was due.

In the body of the opinion in the above case Justice Riley says:

"Surely, proof of a failure to include a notation on the books of the bank of a liability against the stock of the bank would have established the incorrectness of the books and have entitled the purchaser to recover for taxes which accrued prior to the sale and which were subsequently paid by the purchaser."

On the retrial we believe the testimony amply supports the finding of the trial court, that the books of the bank and the daily statement made the day of the purchase did not include any notation of the liability of said bank for any taxes due, and therefore it was an undisclosed liability against the bank for which defendant would be liable.

It is next contended that the evidence does not support the judgment for an attorney's fee. The defendant does not admit that an attorney's fee is a proper charge in this case but presents no argument, nor cites any authority, and the question of whether or not an attorney's fee is a proper charge will be considered as waived.

Defendant does contend that the record does not support the finding of the court that $100 was a reasonable attorney's fee to be charged against the bank, in that there was no testimony to support such a finding. It is true there is no expert testimony as to the value of the attorney's fee, but the record does disclose that the United States officers first made an assessment in the sum of $1,600 for the year 1919, and that after the attorney was employed and through his efforts the amount was reduced, and the total assessment for three years was finally made at $934.31.

In the case of McClintock v. Parish, 72 Okla. 260, 180 Pac. 689, the sixth paragraph of the syllabus is as follows:

"Expert testimony as to the value of legal services rendered is not necessary, when there is evidence of the services rendered, the character of the litigation, and the result obtained sufficient to form a basis for determining the value of such services."

Under the authority of the above case and others of similar kind, we believe the court under the facts in this case was justified in finding that $100 was a reasonable attorney's fee, especially when it is challenged in this case only by demurrer.

For the reasons herein given, we believe the judgment of the trial court is supported by the law and the evidence, and the same should be and is hereby affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 33 C. J. p. 298, §57 (Anno). (2) 22 C. J. p. 130, §69; pp. 139, 140, §70.