## DOROUGH v. BOARD OF COUNTY COM'RS OF CARTER COUNTY.

No. 26826. Feb. 2, 1937.

J. B. Moore, for plaintiff in error.

Robert W. Richards, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Carter county. The parties occupy the same positions here as in the trial court and will be referred to as plaintiff and defendant.

Petition of plaintiff was in two counts. Under the first cause of action plaintiff sought recovery for the per diem compensation allowed the county superintendent of health under section 7770, O. S. 1931, and certain expenses alleged to have been incurred in connection therewith. Under the second cause of action plaintiff sought recovery of salary and certain expenses allowable to the county superintendent of health under the provisions of section 5282, O. S. 1931. Trial was had to the court without the intervention of a jury. The evidence of the plaintiff discloses that he was the duly appointed county superintendent of health of Carter county during the fiscal year of 1933-1934 and until March 30, 1935, and that he performed the duties of said office during that period of time and had filed claims for his services and expenses in the manner provided by law, and that each and all of said claims had been disallowed by the board of county commissioners of Carter county. The evidence further shows that plaintiff had an oral contract with the board of county commissioners of Carter county which was approved by the State Superintendent of Health pursuant to the provisions of section 5282, O. S. 1931, whereby the plaintiff was to perform the duties of health superintendent as provided in section 5282, supra, and was to receive an agreed salary of $2,400 per annum therefor, and expenses, which were not to exceed $600 per annum, and that the plaintiff performed his part of said contract and rendered his services to Carter county during the year 1934 and filed claims in the manner provided by law, both for his salary and expenses, all of which were disallowed by the board of county commissioners of Carter county. The evidence further shows that the salary and expenses for which plaintiff filed claims under section 5282, supra, were included in the estimate of needs made by the board of county commissioners, but had been disapproved by the county excise board. The defendants declined to offer any evidence, but contented themselves with demurring to the evidence of the plaintiff. The trial court found that the plaintiff was entitled to his per diem compensation as county superintendent of health under the provisions of section 7770, O. S. 1931, and gave plaintiff judgment for the sum of $1,225 on this cause of action. The court, however, sustained the demurrer of defendants with respect to the item of $175 expenses which plaintiff alleged he had incurred in the performance of his duties under section 7770, supra, and also sustained the demurrer to plaintiff's evidence under his second cause of action and denied plaintiff any recovery thereunder. Plaintiff appeals and assigns nine specifications of error, which may be summed up in the single proposition that the court erred in sustaining defendant's demurrer to the evidence. The court correctly held that plaintiff was not entitled to recover the item of $175 expenses claimed under the provisions of section 7770, O. S. 1931. We had occasion to construe this section of the statute in the case of Board of County Commissioners of Creek County v. Robinson, 140 Okla. 142, 143, 282 P. 299, 300, and therein said:

"It must be observed that this statute provides, not a fixed salary for the superintendent of public health, but provides compensation of $5 per day for the time actually and necessarily served. The Legislature did not contemplate that a county superintendent of health in every case would put in his full time in the discharge of these duties. It, therefore, provided compensation in the sum of $5 per day without expenses for the time actually served; and provided that his claims should be filed quarterly, and presented to the board of county commissioners, which board would subject the claims to investigation to determine their correctness or incorrectness."

In sustaining the demurrer of the defend-

ant to the evidence of the plaintiff under his second cause of action, the trial court proceeded on the theory that a written record was essential to the establishment of any contract with the board of county commissioners. We have since held to the contrary in Western Paint & Chemical Co. v. Board of Com'rs of Washington County, 171 Okla. 302, 42 P. (2d) 533.

However, if the judgment is otherwise correct, it will not be reversed because the trial court may have assigned an erroneous reason therefor. Kibby v. Binion, 70 Okla. 96, 172 P. 1091; Douglas v. Douglas, 176 Okla. 378, 56 P. (2d) 362. Since plaintiff was seeking a judgment against a municipality, his claim, in order to be valid and enforceable, had to come within the estimate made and approved by the excise board for such purpose for the fiscal year involved. Section 5955, O. S. 1931. See, also, Wilson v. Oklahoma City, 120 Okla. 266, 251 P. 484.

While the plaintiff alleged in his petition that salary and expenses which he was claiming by virtue of section 5282, O. S. 1931, had been included in the estimate and appropriation made and approved by the excise board of Carter county, his proof affirmatively discloses the fact the excise board had refused to approve the estimate of the board of county commissioners with reference to the salary and expenses allowable to the county superintendent of health under the provisions of said section 5282, supra. Under these circumstances there was a failure by the plaintiff to establish a valid and enforceable contract and the demurrer to his evidence was properly sustained. Schneider v. Athey, 113 Okla. 94, 239 P. 242. Since the trial court proceeded properly in making his rulings and rendering judgment, such action will not be disturbed.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, and HURST, JJ., concur. RILEY, PHELPS, CORN, and GIBSON, JJ., absent.