**WOOD, Adm'r, v. CHAPMAN et al.**

No. 10531—Opinion Filed April 25, 1922.

Rehearing Denied July 25, 1922.

(Syllabus.)

**1. Judgment—Action on Judgment—Finality of Judgment.**

When a judgment is pleaded as the foundation upon which to base a cause of action in another suit, that judgment must be final before the subsequent cause of action accrues.

**2. Same—Judgment on Final Report of Guardian—Action on Bond.**

The judgment of the county court, having jurisdiction of a guardianship estate, rendered on the final report of such guardian fixing the amount of the guardian's liability, is the foundation upon which to base a cause of action against the surety on such guardian's bond.

**3. Pleading—Petition—Sufficiency on Demurrer.**

In considering a demurrer to the petition, it is the duty of the court to examine the petition and the exhibits thereto attached, and if the petition together with the exhibits states facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, it is error for the court to sustain such demurrer.

**4. Guardian and Ward—Action on Guardian's Bond—Sufficiency of Petition.**

The petition examined, and held, that it states a cause of action in favor of the plaintiff and against the defendants.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by James H. Wood, Administrator, to recover against A. H. Chapman and the Southern Surety Company, as sureties on the guardianship bond of Chapman. Demurrer of defendant Southern Surety Company to the petition of the plaintiff was sustained. Plaintiff declined to plead further. Judgment for the defendant. Plaintiff appeals. Reversed and remanded.

C. F. Green, for plaintiff in error.

E. C. Stanard, J. H. Wahl, C. H. Ennis, and M. L. Hankins, for defendants in error.

MILLER, J. This action was commenced in the district court of Pontotoc county by plaintiff in error, as plaintiff, against defendants in error, as defendants, to recover from defendant A. H. Chapman on account of his default as guardian of Susan Leader, an incompetent, now deceased, and to recover against defendant Southern Surety Company as bondsman for Chapman as such guardian.

Defendants demurred to the petition of the plaintiff, which demurrer was by the court sustained. The plaintiff declined to plead further, and judgment was rendered in favor of the defendants and against the plaintiff. Thereupon plaintiff perfected this appeal and seeks to reverse the ruling and judgment of the trial court. He sets out several specific assignments of error, but in his brief states:

"This appeal presents but one question: Does the petition of plaintiff state a cause of action against the defendants?"

The petition of the plaintiff alleges the following state of facts:

On September 15, 1909, the county court of Pontotoc county appointed defendant A. H. Chapman as guardian of Susan Leader, an incompetent. The appointment was conditioned that said Chapman should give bond in the sum of $2,000 for the faithful discharge of his duties as such guardian. The bond was duly executed by defendant Southern Surety Company as bondsman, and thereafter approved and filed in the county court, and Chapman took the oath of office and entered upon the discharge of his duties as such guardian.

On October 23, 1912, he was removed as guardian. On February 2, 1912, while he was acting as such guardian and without authority from the county court, he made a loan of $350 of his ward's funds to one Grant Hampton, taking Hampton's unsecured note therefor. Thereafter in making his report to the court he reported this loan and the court refused to approve the loan, or allow him credit therefor. In making his final report he again reported this loan, and several hearings were had, supplemental reports filed, and orders made in regard to his final report.

An appeal was taken by Chapman to the district court of Pontotoc county, and the case was sent back to the county court with instructions. The last part of the order of the district court reads as follows:

"It is therefore ordered, adjudged and decreed by the court that this cause be and is hereby remanded to the county court of Pontotoc county, Oklahoma, with instructions that the three orders made by said court on the 23rd day of October, 1912, be vacated, set aside and held for naught, and that the accounts of A. H. Chapman, as guardian of Susan Leader, an incompetent, be reopened and re-examined the same as if said orders had never been made by said court."

On the 14th day of January, 1916, the final report of Chapman as guardian having

been duly presented, the court made what it designates "a journal entry of final order approving final report of guardian", a copy of which is attached to and made a part of plaintiff's petition. That part of the order pertaining to the loan of $350 to Grant Hampton reads as follows:

"And it is further ordered that James H. Wood, as administrator of the estate of Susan Leader, deceased, take charge of one certain note dated 2nd day of February, 1912, executed by one Grant Hampton in the sum of $350 and endeavor to make collection of same and if there be a deficit in said collection, it is hereby ordered that said A. H. Chapman and the sureties upon his official bond be charged with said deficit."

Pursuant to the above order, James H. Wood, as administrator, took charge of said note and thereafter brought a suit in the district court of Pontotoc county to recover on said note against Grant Hampton and joined the Southern Surety Company as defendant. On the 8th day of November, 1917, judgment was rendered in said action in the district court of Pontotoc county. A copy of the journal entry of judgment is attached to the plaintiff's petition and made a part thereof. This journal entry of judgment shows that the action was dismissed as against the Southern Surety Company without prejudice and that judgment was rendered in favor of Wood, administrator, and against defendant, Grant Hampton, for the total sum of $511.42, as principal and interest and an additional judgment of $50 as attorney fee, and costs. An execution was issued on this judgment and delivered to the sheriff of Pontotoc county and by him returned "no property found on which to levy."

As stated by plaintiff, the only question in this action is, Did the petition state a cause of action? The defendant contends that the order made by the county court on January 14, 1916, which is designated "journal entry of final order approving final report of guardian", is not a final judgment and cannot be made the basis upon which to bring an action to recover on the guardianship bond. This order and judgment of the county court made on the 14th day of January, 1916, was intended to be a final judgment approving the final report of Chapman as guardian. The county court was acting in pursuance of the judgment and decree of the district court wherein it remanded said guardianship report back to the county court with instructions that the report be reopened and re-examined the same as if the orders theretofore made had never been made.

In the order approving the final report of the guardian, it clearly appears that the court refused to allow Chapman, as guardian, credit for the amount he had loaned Grant Hampton on his note. It would have been proper for the county court in this order to have specifically refused to allow Chapman credit for the amount of the Grant Hampton note, ordered the note returned to him, and made the specific finding of the amount due from Chapman as guardian. However, the judgment is not indefinite or uncertain as to the amount, even though the court did not make a specific finding of the amount due. Certum est quod certum reddi potest (That is certain which is capable of being made certain). The county court specifically disallowed the item of $350. This was disallowed as the specific loan made by Chapman to Hampton on February 2, 1912. The order and judgment made the item and amount definite and certain, also the date when this fund was diverted. The guardian would be chargeable with interest at the rate provided by law from the date he diverted the fund from his ward's estate. Therefore, to ascertain the exact amount due was a mathematical calculation. Courts take judicial knowledge of the science of numbers. In Scanlan v. San Francisco & S. J. V. Ry. Co., 55 Pac 694, the Supreme Court of California said:

"Under Code Civ. Proc. para. 1875, subd. 8, authorizing courts to take judicial notice of the laws of nature, the court judicially knows the rules of mensuration by which the cubic contents of an irregular prismoidal body are ascertained."

When the court entered this order of final judgment, either Chapman or the surety company could have paid to the administrator this item of $350, together with accrued interest thereon, and been subrogated to all the rights of the original payee.

The record shows that when Wood, as administrator, brought a suit against Hampton to recover on the note, he made the Southern Surety Company a party to this suit. The Southern Surety Company had notice that the administrator was endeavoring to collect this note from Grant Hampton. It could then have paid the administrator the amount due and been subrogated to the rights of the original payee.

The petition in this action showed that a judgment had been obtained against Hampton, execution issued and returned no property found. This was in full compliance with the judgment of the county court approving the final report of Chapman, as

guardian. The judgment of the county court was not appealed from and had become final. Under this state of facts the petition stated a cause of action, and the trial court should have overruled the demurrer to the petition. The judgment of the trial court is reversed, and this action is remanded, with instructions to overrule the demurrer to the petition.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur.