## ARCHIBALD et al. v. FORD et al.

No. 13828—Opinion Filed Nov. 17, 1925.

Rehearing Denied Feb. 2, 1926.

**1. Pleading—Petition—Absence of Variance.**

Petition and evidence examined, and held, that no variance is disclosed by the record.

**2. Frauds, Statute of—Performance of Contract by Deed and Mortgage.**

Where an arrangement or agreement affecting real estate has been fully performed by the execution and delivery of a warranty deed by the seller and the execution of a mortgage back by the purchaser, held, that it is immaterial whether the original agreement or arrangement was evidenced by writing as required by the statute of frauds, since the contract has been fully consummated and performed.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Thomas H. Ford and another against Sam D. Archibald and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Bellatti & Brown, for plaintiffs in error.

John S. Burger, for defendants in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. This cause was tried to a jury, which rendered two verdicts as follows:

"We, the jury, impaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find the issues in favor of the plaintiff, and against the following named defendants for the following amounts:

| | |
|---|---|
| Sam D. Archibald | $ 200 |
| Aaron Weitzenhoffer | 200 |
| U. C. Wilcox | 100 |
| J. A. Riehl | 100 |
| Carl B. Haun | 100 |
| Claude Watkins | 100 |
| Carl Randall | 100 |
| H. M. Dowler | 100 |
| J. H. Amos | 100 |
| R. A. Sisco | 100 |
| Ed Sheperd | 100 |
| H. Stauffacher | 100 |
| H. C. Ferriman | 100 |
| J. T. Ford | 100 |
| Harry Clements | 100 |
| P. E. Rogers | 100 |
| Frank Palmer | 100 |
| P. B. Warren | 100 |

| | |
|---|---|
| C. M. Foster | 100 |
| Paul Spitzer | 100 |
| M. E. Murray | 1275 |
| George J. Eher | 100 |
| Fred A. Stone | 100 |
| Roy L. Johns n | 100 |
| Murdock Motor Co. | 100 |
| W. G. Leedy | 100 |
| C. C. Fyfee | 50 |
| E. J. Fitzgerald | 50 |
| J. E. Hosack | 50 |
| Homer Weod | 50 |
| J. L. Tudhope | 50 |
| L. J. Mincer | 25 |
| N. E. Walcher | 25 |
| R. Harris | 25 |
| C. F. Breene | 25 |
| L. A. Glover | 25 |
| F. M. McGee | 25 |
| Francis L. Jehle | 25 |
| Elmo Pearce | 50 |

"With interest on said amounts at the rate of 6% per annum from date of filing action."

"We, the jury, impaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find the issues in favor of the defendant, P. B. Warren, and against the defendant, Max Murray, and assess the amount of P. B. Warren's recovery against Max Murray in the sum of $5,323.60, with interest thereon from the 10th day of July, 1920, at the rate of ten per cent. per annum, and that said judgment be declared a first mortgage lien on lot 13, in block 120, in the town (new city) of Blackwell, Okla."

The court rendered judgment on the verdicts. A motion for a new trial was overruled, and the defendants have appealed. Since the appeal was filed, some individuals have paid the judgments rendered against them.

The defendants' principal contention is as follows:

"Plaintiffs' petition alleged that the defendants purchased the property. Under the petition each of the defendants would be jointly and severally liable for the purchase price. Plaintiffs' evidence, given over the objection of defendants, was that the Elks' Lodge was the purchaser. If such were so, an entirely different basis of liability among the defendants existed. Under the petition only the defendants would be liable for the payment of the purchase price; under the proof every member of the Elks' Lodge would be jointly and severally liable. Under the petition, all of the defendants would be liable; under the proof those of the defendants who were not members of the Blackwell Elks' Lodge would not be liable. All of the evidence of this character was admitted over the objection of defendants, and its admission was reversible error.

(American Jobbing Assn. v. James, 24 Okla. 460, 103 Pac. 670)."

An examination, however, of the evidence discloses that the defendants set about to purchase from Thomas H. Ford certain property for an Elks' home. They circulated a subscription paper to secure pledges from the members for enough money to make a total of $9,500, and arranged with Mr. Warren for a mortgage of $5,000 at eight per cent. The individual subscribers gave notes covering their subscriptions to a Mr. Murray, who, in a sense, acted as their representative. Thomas H. Ford eventually made a deed of the premises to Mr. Murray. A mortgage was executed by Mr. Murray in his individual capacity, and it is this mortgage which is described in the decree of the court, and enforced by its judgment. Thereafter, and after the construction of a building on the premises, pursuant to a plan agreed upon between Thomas H. Ford and the defendants, the defendants evidently changed their plans, refused to make payment, and Mr. Murray mailed back to Thomas H. Ford a quitclaim deed, which Ford refused to accept.

We think it will be seen that the facts disclose that at the outset it was the intention of the parties that the building should be sold to the Elks' Lodge; that it appeared during the negotiations that the local lodge had not secured permission from the Grand Lodge to buy property, and that therefore the parties contracted in their individual capacity. The jury was justified in believing that the deal was consummated by the defendants as individuals. There is therefore no material variance between the allegations of the petition and the proof, and plaintiff's principal assignment of error must be overruled.

Complaint is made that a judgment of $1,275 has been rendered against Max Murray. It will be noted that the judgments against the other defendants are rendered on notes executed by them. It is contended that there is no basis for this personal judgment against Mr. Murray. However, there is the testimony in the record of Mr. J. E. Curran, attorney for Thomas H. Ford, to the effect that he told Mr. Murray:

"We want somebody personally responsible for it. He said, 'Go ahead, and fix it up.' I asked him then, 'Shall I make this to you personally?' He said 'Yes.'"

And it will be noted that Mr. Murray accepted a warranty deed made to him by Thomas H. Ford, and executed a mortgage

back. There is testimony in the record which discloses that Ford was dealing with Murray as an individual, for the express purpose of creating a personal liability, and the jury was authorized in finding this personal liability against Murray. This assignment of error must therefore be overruled.

The third assignment of error is that the transaction was within the statute of frauds. Suffice it to say that the individual subscribers executed a written contract of subscription, signed by the parties to be charged; that the contract and arrangement between the parties were consummated and performed by the execution and delivery of a warranty deed to Mr. Murray. This deed was accepted, and Mr. Murray executed a mortgage for the balance of the purchase price. The agreement having been consummated and performed, it is unnecessary to determine whether or not the first arrangement or contract was in writing. We have, however, examined the record, and we think that if it were material to do so, it must be held that there was in the first instance a sufficient memorandum signed by the parties to be charged.

There is no error in the record, and the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 680. (2) 27 C. J. p. 324. §410: anno. 68 L. R. A. 927: 51 L. R. A. (N. S.) 77: 25 R. C. L. p. 707: 4 R. C. L. Supp. 1597.