**RHODE ISLAND INS. CO. v. GLASS et al.**

No. 17532.   Opinion Filed April 24, 1928.

Rehearing Denied June 5, 1928.

(Syllabus.)

1. **Appeal and Error—Review of Law Action—Verdict Reasonably Supported by Evidence not Disturbed.**

In a law case tried to a jury upon conflicting evidence, the finding of the jury will not be disturbed on appeal where there is any competent evidence reasonably tending to support such verdict and finding.

2. **Pleading—Sufficiency of Petition Together with Exhibits to State Cause of Action.**

In considering a demurrer to the petition it is the duty of the court to examine the petition and the exhibits thereto attached, and if the petition, together with the exhibits, state facts sufficient to constitute a cause of action against the defendant, it is the duty of the court to overrule such demurrer.

3. **Insurance—Action Against Insurer on Loss Payable Clause—Liability not Defeated by Negligent Failure of Insurer's Agent to Attach Clause to Renewal Policy.**

Where the plaintiff procured an insurance

policy upon certain property with loss payable clause attached, for benefit of mortgagee, and at the expiration of said policy the agent of the insurance company was instructed to renew said policy and the agent, inadvertently and through mistake, left off the loss payable clause, and did not physically attach the same to the policy, held, that it was not a question of waiver, but a failure to perform a duty, and that the insurance company could not take advantage of the failure of its agent to perform its duty to the insured.

Error from District Court, Creek County; John L. Norman, Judge.

Action by Ed Glass and others against the Rhode Island Insurance Company, of Providence, R. I. Judgment for plaintiffs, and defendant brings error. Affirmed.

Rittenhouse & Rittenhouse, for plaintiff in error.

Gaylord R. Wilcox, for defendants in error.

CLARK, J. This action was commenced by defendants in error against plaintiff in error in the superior court of Creek county, Okla. Cause was later transferred to the district court of Creek county, Okla.

For convenience, the parties will be referred to as they appeared in the trial court.

This action on the part of the plaintiffs was to recover on an insurance policy issued by defendant to Ed Glass on certain property located in Sapulpa, Okla. J S. Gilbert, guardian, was party plaintiff by virtue of a mortgage held on said premises for the use and benefit of his wards. Cause was tried to a jury, resulting in a verdict for plaintiffs in the sum of $1,000.

Court entered judgment on verdict of the jury, and from said judgment defendant appeals, alleging that the trial court erred. Errors urged are:

(1) The court erred in refusing to sustain the demurrer to the petition.

(2) The court erred in refusing to instruct the jury to return verdict for the defendant.

(3) The verdict and judgment are not sustained by the evidence and are contrary to law.

Defendant, plaintiff in error, contends that the petition did not allege the value of the property alleged to have been destroyed.

A proof of loss executed by Lulu Glass, as wife and agent of Ed Glass, was attached to plaintiff's petition and made a part thereof, in which the following statement appeared:

"The affiant further states that said property so insured and destroyed by fire was of the reasonable value of $2,500 at the time of the fire, and further that said property was a total loss."

The same proof of loss was also made by plaintiff-guardian, for the use and benefit of his wards, and attached to plaintiffs' petition.

This court, in the case of Wright v. State; ex rel. Walcott, 104 Okla. 57, 230 Pac. 268, said:

"It is also a well-settled rule that the allegations of a petition must be construed in connection with the exhibits attached and referred to in the petition. Southern Surety Co. v. Chambers, 72 Okla. 307, 180 Pac. 711."

In the case of Schneider v. Athey, 113 Okla. 94, 239 Pac. 242, this court said:

"'In considering a demurrer to the petition it is the duty of the court to examine the petition and the exhibits thereto attached, and if the petition, together with the exhibits, states facts sufficient to constitute a cause of action against the defendant, it is the duty of the court to overrule such demurrer.' Woods v. Chaplin, 87 Okla. 49, 211 Pac. 396."

This rule has been followed by this court in a number of cases, and we must conclude that plaintiffs' petition did allege the value of the property at the time same was destroyed by fire.

The next contention, that petition shows on its face that proof of loss was not made by the insured under oath. A substantial compliance with requirements of the policy is all that is required. The object of furnishing proof of loss is to enable the insured to determine the question of the extent of liability. We are of the opinion that the proof of loss filed by the guardian-mortgagee and the proof of loss filed by the wife of Ed Glass were sufficient to comply with the terms and conditions of the policy.

The third contention, "The petition shows upon its face that no loss payable clause was attached to the policy, and neither does it pray a reformation of the policy." Plaintiff, J F. Gilbert, alleged that the owner of the property, Ed Glass, was indebted to him as guardian in the sum of $700, and that he held a mortgage on the premises to secure said sum. That thereafter the defendant insurance company accepted and admitted the execution of said real estate mortgage by attaching to the policy of fire insurance the uniform or standard mortgage clause. That thereafter said insurance policy was about to expire and defendant,

through its local agent, caused to be issued and renewed said policy upon the same property on the same terms and conditions, and that, through inadvertence,, accident, and mistake on the part of the local agent of the defendant, he neglected to physically attach to said renewal policy the uniform standard mortgage clause. That said failure to attach the same was an oversight and a mistake, and that the said standard mortgage clause should be attached to the renewal policy, for the reason the legal status of the parties had not changed; the mortgage was still in full force and effect.

It was the duty of the defendant to attach this mortgage clause to the renewal policy, and it should not be heard at this time to complain by reason of the fact that its agent failed to perform his duty toward these plaintiffs.

In the case of German-American Insurance Co. of New York v. Lee, 51 Okla. 28, 151 Pac. 642, the fifth paragraph of the syllabus is as follows:

"Plaintiff delivered a certain insurance policy to the agent of defendant, and requested him to indorse thereon permission to mortgage same. The agent afterwards returned the policy and stated that he had fixed it. Held, under these conditions, defendant will not be heard to say that under the terms of the policy its agent could not waive the actual indorsement of the policy, should it appear afterwards that the agent had failed to so indorse it. It was not a question of waiver, but a failure to perform a duty."

The mere failure of the defendant to physically attach the loss payable clause to the policy does not defeat the right of the plaintiff-guardian, and the court did not err in overruling defendant's demurrer to plaintiffs' petition.

Defendant next contends the court erred in refusing to instruct the jury to return a verdict for the defendant.

Defendant contends that the property destroyed was destroyed by riot; the following stipulation and agreement being in the policy:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power or by order of any civil authority."

Section 2006, C. O. S. 1921, defines "riot" as follows:

"Riot Defined. Any use of force or violence or any threat to use force or violence if accompanied by immediate power of execution by three or more persons acting to-

gether and without authority of law is riot."

Defendant contends that at the time the building in question was burned there was a riot in Sapulpa and that the fire was caused by the riot.

There is testimony that there was considerable excitement in Sapulpa just prior to the fire and that armed men were on the streets. There is also testimony that at the time of the fire no one was in or about the building. A man who lived within a few feet of the building testified that when he saw the fire there was no one in the streets.

This court, in the case of Redfern v. American Central Insurance Co., 116 Okla. 137, 243 Pac. 929, said:

"In a suit to recover on a standard form fire insurance policy where the defense is based upon what is known as the riot clause, the burden is upon the insured to prove that the loss is caused directly or indirectly by the riot. If such burden is sustained and the plaintiff fails to produce evidence reasonably tending to sustain his theory that the fire was the result of some other intervening cause, it is not error for the defendant."

This was a question of fact. It was submitted to the jury under proper instructions, and the jury having found against the contention of the defendant, the same will not be disturbed on appeal.

This cause was submitted to the jury upon the issues joined by the pleadings, upon proper instructions by the court, and there is no error in the record sufficient to reverse this case. The judgment of the trial court is affirmed.

All the Justices concur.

Note.—See under (1) 4 C. J. p. 852, §2834; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76. (2) 31 Cyc. p. 561. (3) 26 C. J. p. 110, §109; anno. 38 A. L. R. 626; 14 R. C. L. p. 1179; 6 R. C. L. Supp. p. 862.