## SCHUMAN v. WILLIAMS.

No. 26511. March 3, 1936.

Rehearing Denied March 24, 1936.

Fred W. Martin and Lucien B. Wright, for plaintiff in error.

Cheatham & Smith, for defendant in error.

BAYLESS, J. Morris Schuman, plaintiff below and plaintiff in error herein, appeals to this court from the superior court of Creek county, Okla., and complains of the action of that court in sustaining a demurrer to his amended petition, which demurrer was filed by the defendant, Mamie Williams, defendant in error herein. The parties will be referred to in this opinion as they appeared in the trial court.

The amended petition, omitting the caption, formal parts and exhibits, reads as follows:

"Comes now the plaintiff, Morris Schu-

man, and files his amended petition herein as follows, to wit:

## "First Cause of Action.

"He alleges that at all times hereinafter mentioned he was and is the owner of the legal title to the following described real estate in Creek county, Okla., to wit:

"Lots 6-7-8 in block 16, and lots 2-4-5 in block 16, of the original townsite of Bristow,

—and is entitled to the immediate possession thereof; that the defendants, and each of them are now, and for a long time prior hereto have been unlawfully withholding possession thereof.

## "Second Cause of Action.

"1. That on Sept. 20, 1930, plaintiff and defendant, Mamie Williams entered into a certain contract in writing, a copy of which marked 'Exhibit A,' is hereto attached and made part and parcel hereof, under the terms of which contract plaintiff sold to defendant the property above-described for the sum of $216 to be paid by the defendant, Mamie Williams, in manner and form, to wit: $60 cash, and $15 on or before the 20th of each succeeding calendar month, with interest from date at 8% per annum; that plaintiff agreed in said contract to execute and deliver to Mamie Williams a quitclaim deed to said property when fully paid for; that said contract provides that upon the failure of said Mamie Williams for two months to make a monthly payment it shall cease and terminate without notice, and all money previously paid shall be deemed to be rent.

"2. That defendant, Mamie Williams, has paid a total of $65 on said contract and has been long in default; that plaintiff now elects to rescind said contract and to hold the said $65 as rent; and that said contract is a cloud upon his title.

## "Third Cause of Action.

"1. That the defendants and each of them are threatening to remove the improvements from said lots; that they and each of them are wholly insolvent; and that unless restrained from so doing, plaintiff will suffer irreparable injury.

"Wherefore plaintiff prays recovery of said real estate and its possession; cancellation of said contract as a cloud upon his title; an order restraining the defendants and each of them, until final hearing, from removing or attempting to remove any improvements from said lots or to otherwise injure said property."

The demurrer thereto reads as follows:

"Comes now the defendant, and demurs to the petition of the plaintiff herein for the reason that said petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

"Comes now the defendant and specially demurs to the petition of the plaintiff filed herein for the following reasons, to wit:

"Said petition and exhibits attached thereto upon the face thereof fails to disclose or properly recite and allege that the resale notice was published in the official county newspaper or in some newspaper designated by the county commissioners of Creek county, Okla.

"The petition and exhibits attached thereto fail to disclose that within thirty days after said resale a return of said sale was filed in the office of the county clerk of Creek county, Okla., and a copy thereof retained in the office of the county treasurer of Creek county, Okla.

"The petition and exhibits attached thereto failed to disclose that the said resale tax deed was upon a form prescribed by the State Examiner and Inspector of the State of Oklahoma.

"The petition and exhibits attached thereto affirmatively disclose and show that said resale tax deed does not contain 'a provision expressly canceling and setting aside all the delinquent taxes, penalties, interests and costs previously assessed or existing against the said real estate, including ad valorem and outstanding individual and county tax sale certificates'; and said tax deed affirmatively shows upon its face that all the taxes were not expressly canceled and set aside, and that special improvement taxes were specially excepted and not canceled. Defendant further specially demurs to the petition and exhibits attached thereto for the reason that the same does not show for what year or years taxes were delinquent against said land and for what year or years of delinquent taxes said sale was made."

This demurrer was amended by the addition of another ground, to wit:

"Comes now the defendant and in addition to the allegations of her special and general demurrer, further specifically demurs to the petition for the reason that the same shows upon its face and the exhibits attached thereto, that the cause of action is barred by the statute of limitations of the state of Oklahoma, in such cases made and provided."

The trial court sustained the demurrer and in so doing construed the petition and exhibits by making certain findings of fact and conclusions of law which are:

"That the plaintiff's petition shows upon its face that the cause of action is based

upon a resale tax deed, and that said resale tax deed is void upon its face.

"That the cause of action to recover possession of real estate involved herein is barred by the general state (sic) of limitations of the state of Oklahoma, in such cases made and provided, and that the petition so shows upon its face."

The trial court erred in sustaining the demurrer to the amended petition of the plaintiff.

This court has said that the scope of inquiry and matters to be considered in passing upon a demurrer is as stated in Rhode Island Ins. Co. v. Glass, 131 Okla. 108, 267 P. 840:

"In considering a demurrer to the petition it is the duty of the court to examine the petition and the exhibits thereto attached, and if the petition, together with the exhibits, state facts sufficient to constitute a cause of action against the defendant, it is the duty of the court to overrule such demurrer."

This is a companion rule to the general rule for the construction of a demurrer which has been stated by us many times and may be found in Grubb v. Fay State Bank, 119 Okla. 199, 249 P. 341:

"A general demurrer admits the truth of all the facts well pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true, for the purpose of the demurrer, and where a pleading states facts upon which the pleader is entitled to any relief under the law, a general demurrer to the same should be overruled."

The demurrer which the trial court had under consideration was both general and special—special in the sense that it pointed out certain specific alleged deficiencies.

The construction of the plaintiff's petition to mean that it presents a cause of action for the recovery of real property by the plaintiff because he owns a tax deed to the property is erroneous. It is true that the plaintiff deraigns his title to the property and it develops that any title he has is based upon a tax deed. But the petition as a whole discloses that the plaintiff sold this property to the defendant and bases his right to recover the possession thereof from the defendant upon the defendant's breach of the contract for purchase.

That portion of the demurrer which is special is based upon the erroneous theory that the plaintiff is seeking possession of the property by virtue of a tax deed. Since we have held that this is not the basis of the plaintiff's right to recover the possession of the property from the defendant, these special grounds of demurrer presented no challenge to the petition of the plaintiff.

In support of that portion of the demurrer which is general the defendant contends that tax deeds attached to the petition, upon which the plaintiff bases his title to the property, are void upon their face, and being so, disclosed that the plaintiff has no title to the property, and therefore has no right to oust the defendant. In other words, the defendant adopts as argument the general rule of law in ejectment that the plaintiff must recover by showing his title to the property rather than the defendant's lack of title.

However, there is a well-recognized exception to this rule where the defendant acquires his title to the property derivatively from the plaintiff. 19 C. J. 1074, note 50, and cases cited thereunder. See, also, Lightfoot v. Brower, 133 Ga. 766, 66 S. E. 1094, and Hedden v. Waldeck (Cal. App.) 265 P. 844.

The petition of the plaintiff must be construed to mean that the defendant's only title to and right of possession of the property involved is the contract of sale from the plaintiff to her. In other words, in so far as the petition in this case is concerned, the defendant's title and right of possession are derived from the plaintiff. This means, therefore, that the defendant is in possession of the property and holding under and by rights which she acquired from the plaintiff. This being so, the plaintiff's amended petition stated a cause of action against her, since it alleged her holding the property under him and the breach on her part of the terms of the contract under which she was holding the property.

There appears in the briefs argument from which we are led to believe that perhaps the defendant might have had title to the property at the time plaintiff acquired his tax deed and that the defendant intends to defend upon this ground. These matters are extraneous to the allegations of plaintiff's amended petition and find no support therein directly or indirectly. Therefore, if the trial court considered such arguments when made to him, he did so erroneously, and we refuse to consider them now with the record before us being what it is.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

McNEILL, C. J., and WELCH, CORN, and GIBSON, JJ., concur.