Robert RUCKER, Jr., Plaintiff in Error,

v.

REPUBLIC SUPPLY COMPANY, Defendant in Error.

No. 40969.

Supreme Court of Oklahoma.

June 21, 1966.

T. R. Benedum, Norman, Gomer Smith, Jr., Oklahoma City, for plaintiff in error.

Fielding D. Haas and Person E. Woodall, Norman, for defendant in error.

PER CURIAM.

This is an appeal by Robert H. Rucker, Jr., as plaintiff in error (herein called

Guarantor) from a judgment in favor of Republic Supply Company, defendant in error (herein called Creditor) on a Guaranty Agreement.

To induce Creditor (Republic Supply Company) to extend credit to Debtor (Bluff Creek Oil Company of Oklahoma City, Oklahoma), Guarantor (Robert H. Rucker, Jr.) executed an unconditional, revolving, general, continuing, written, Guaranty Agreement, dated August 1, 1950, which was never revoked. Subsequently, Creditor extended credit to Debtor, on the strength of the Guaranty, in the form of an open account. On November 1, 1955, the form of all indebtedness was changed from open account to promissory note. On March 30, 1962, the form of indebtedness was again changed by reducing the note to judgment. April 8, 1963, Creditor sued Guarantor, alleging the judgment to be covered by the Guaranty.

Jury was waived, trial had and a money judgment rendered by the court in favor of the Creditor against Guarantor on the Guaranty Agreement. Guarantor appeals asserting bar of five year limitations statute, 12 O.S.1961, § 95(1), and that the evidence is insufficient to establish Debtor as corporation covered by guaranty.

The Guaranty provided that

" * * * Guarantor hereby unconditionally and absolutely guarantee to Creditor, its successors or assigns, punctual payment at maturity or when due of *any and all indebtedness of every kind and character,* whenever and however incurred, which Debtor may now or hereafter owe to Creditor, regardless of the nature and form of such indebtedness, *including judgments,* promissory notes, open accounts, and any and all other forms of indebtedness, whether secured or unsecured * * *.

"This Guaranty shall be revolving and continuous * * *.

"This Guaranty is a continuing one and shall continue to apply without regard to the form * * * of the indebtedness or obligation guaranteed * * * which

indebtedness or obligations or any part thereof, Creditor at its option, may renew, extend, revise, rearrange, or alter, in whole or in part, without notice to or consent of GUARANTOR, from time to time as Creditor may elect without affecting the obligation of this Guaranty * * *". (Emphasis supplied.)

■■■ A guaranty is deemed continuing if it contemplates a future course of dealing, not limited to a single transaction, for an indefinite period of time, 15 O.S.1961, Sec. 336; Hazzard v. General Tire & Rubber Company, 181 Okl. 484, 76 P.2d 257; or until it is revoked, 15 O.S.1961, Sec. 337. A continuing guaranty is deemed a repetition of the extension of credit so long as it is in force. Liability under a continuing guaranty will be deemed to have continued until revoked where it contains no express limitation as to duration of Guarantor's responsibility, 24 Am.Jur. Guaranty, Sec. 63 and 38 C.J.S. Guaranty, § 53. A guaranty is deemed unconditional unless its terms import a condition precedent to liability, 15 O.S.1961, Sec. 331; 24 Am.Jur. Guaranty, Sec. 16; and 38 C.J.S. Guaranty, § 7.

■■■ The intent of the parties to a guaranty is to be collected from the whole instrument, McNeal v. Gossard, 6 Okl. 363, 50 P. 159. Where the language of a contract of guaranty is clear and explicit, its purpose and meaning must be ascertained therefrom, without resort to extrinsic evidence, Miller v. National Printing and Engraving Company, 172 Okl. 447, 45 P.2d 483.

■■■ A judgment is a form of indebtedness, Vaughan v. Osborne, 103 Okl. 59, 229 P. 467, and 30A Am.Jur. Judgments, Sec. 4. Guaranty of a judgment is that it is valid and will be paid, 38 C.J.S. Guaranty, § 48. Statute of limitations began to run against a cause of action at the time a cause of action accrued, 12 O.S.1961, § 92. A cause of action on the Guaranty accrued when the above judgment became final, Wood v. Chapman, 87 Okl. 49, 211 P. 396. An action upon an agreement in writing must be commenced within five years, 12 O.S.1961, § 95(1).

The Guaranty Agreement recited the Republic Supply Company, as Creditor and "Bluff Creek Oil Company, a corporation, of Oklahoma City, Oklahoma," as Debtor, and was dated August 1, 1950. There was an Oklahoma corporation at that time by the name of "Bluff Creek Oil Co." There was also a Texas corporation by the name of "Bluff Creek Oil Co.," which was never domesticated in Oklahoma. A transmittal letter, accompanying the delivery by mail of the Guaranty Agreement, dated August 3, 1950, showed a letterhead of "Bluff Creek Oil Co., General Office, 301 S.E. 53rd Street, Box 1824, Oklahoma City, Oklahoma," and was signed "Bluff Creek Oil Co., By Robert Rucker, Jr." The note sued on recited that it was executed in "Oklahoma City" by "Bluff Creek Oil Company By: Robert H. Rucker, Jr., President." The answer in that suit was by the "Bluff Creek Oil Co. of Oklahoma" of which Robert H. Rucker, Jr., was President. There is conflicting evidence as to whether the Guaranty Agreement referred to the Bluff Creek Oil Company, a Texas corporation, or the Bluff Creek Oil Company, an Oklahoma corporation.

The evidence being in conflict with reference to Debtor's identity, this court has frequently held that in construing a guaranty to determine the intent of the parties, it should be taken most strongly against the Guarantor and in favor of the Creditor, Federal Saving & Loan Ass'n v. Bell, 146 Okl. 128, 293 P. 214; 1st Natl. Bank of Chandler v. Cleveland, 127 Okl. 176, 260 P. 80; and Lamm & Co. v. Colcord, 22 Okl. 493, 98 P. 355, 19 L.R.A.,N.S., 901.

This court has repeatedly held that in a civil action triable to a jury, where a jury is waived and the cause is tried to the court, the findings of the trial court have the force and effect of a jury verdict; and where the finding is a general one, there being no errors at law, the judgment will not be disturbed on appeal if any competent evidence reasonably tends to support the conclusions of the trial court, Missouri Na-

tional Insurance Co. v. Mead, Okl., 393 P. 2d 521.

There was competent evidence to support the trial court's judgment.

Judgment affirmed.

The Court acknowledges the services of Special Master Harris Van Wagner, who with the aid and counsel of Special Masters John L. Goode and Richard N. Steed, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to JACKSON, V. C. J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.