The FIRST NATIONAL BANK & TRUST CO. OF EL RENO, Appellee,

v.

Darrell C. STINCHCOMB, Appellant.

No. 65324.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 20, 1987.

Kenneth W. Dickerson, Piedmont, for appellant.

Richard T. Lewis, El Reno, for appellee.

REYNOLDS, Judge.

In April 1981, Appellant (Guarantor), executed a Continuing Guaranty Agreement to induce Creditor to extend credit to Debtor. Guarantor promised to "pay and dis-charge all indebtedness upon which Debtor now is or may hereafter, from time to time become obligated to the bank", limited to the amount of $20,000.

Bank (First National Bank & Trust Company of El Reno) brought this action against Larry Stinchcomb (Debtor) and Appellant Darrell C. Stinchcomb (Guarantor) for recovery on a promissory note dated May 3, 1983. Debtor was discharged in Bankruptcy and the case proceeded against Guarantor. Guarantor contended that (1) the one loan guaranteed by Guarantor was satisfied, (2) Bank knew Guarantor intended to guaranty only the one obligation, (3) Bank fraudulently and intentionally misrepresented the extent of the obligation to Guarantor.

Both Guarantor and Bank stated to the trial court there was no substantial controversy as to any material fact and each made a motion for Summary Judgment. Trial Court sustained Bank's motion for Summary Judgment and overruled Guarantor's motion. Guarantor Appeals.

A guaranty is deemed continuing if it Contemplates a "future liability of the principal, under successive transactions, which either continues his liability or from time to time renews it after it has been satisfied...." Okla.Stat. tit. 15, § 336 (1981). *Rucker v. Republic Supply Co.*, 415 P.2d 951 (Okla.1966). *State Capital Bank v. Norick*, 550 P.2d 587 (Okla.1976). "A continuing guaranty may be revoked at any time by the guarantor in respect to future transactions...." Okla.Stat. tit. 15, § 337 (1981). However, "liability under a continuing guaranty will be deemed to have continued until revoked where it contains no express limitations as to duration of Guarantor's responsibility." *Rucker v. Republic Supply Co.*, 415 P.2d 951, 953 (Okla. 1966).

■ The intent of the parties to a guaranty agreement is to be taken from the whole instrument. *Rucker v. Republic Supply Co.*, 415 P.2d 951. Where as here, the "language of a guaranty is clear and explicit, its purpose and meaning must be ascertained [from the written contract] without resort to extrinsic evidence."

*Rucker v. Republic Supply Co.,* 415 P.2d 951. *Miller v. National Printing and Engraving Co.,* 172 Okl. 447, 45 P.2d 483 (1935). Okla.Stat. tit. 15 § 154 (1981).

In this case however, Guarantor contends Bank fraudulently and intentionally misrepresented the extent of the obligation. Guarantor is required to prove the issue of fraud by clear and satisfactory evidence. *State Bank of Parsons, Kansas v. Elliot,* 447 P.2d 778 (Okla.1968). *Bass v. Finkey,* 129 Okl. 40, 263 P. 130 (1927). Okla.Stat. tit. 15 § 58 (1981) defines actual fraud as:

1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true.

2. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true.

3. The suppression of that which is true, by one having knowledge or belief of the fact.

4. A promise made without any intention of preforming it; or,

5. Any other act fitted to deceive.

Okla.Stat. tit. 15, § 59 (1981) defines constructive fraud as:

"In any breach of duty which without a actual fraudulent intent, gains an advantage to the person in fault ... by misleading another to his prejudice...."

Guarantor submitted an affidavit in support of his motion for Summary Judgment which stated:

"I was asked by an Officer of the First National Bank & Trust Co. of El Reno to sign a document to guaranty a note for Larry Stinchcomb. I did not read the document nor did the Officer explain the document except that the document was to enable Larry Stinchcomb to obtain a loan."

Also, in answering Creditors interrogatories, Guarantor stated that the Bank "should have known" he never intended to sign a continuing guaranty. Guarantor stated the Bank should have informed him of the continuing nature of the agreement, that the bank "had a duty to inform."

Generally, if a party to a contract can read and has the opportunity to read the contract but fails to do so, he cannot escape its liability. *Mayfield v. Fidelity State Bank of Cleveland,* 121 Okl. 179, 249 P. 136 (1926). *All American Bus. Lines v. Schuster,* 199 Okl. 628, 189 P.2d 412 (1948). In fact, one has a duty to apprise himself of the contents of a contact. *Ames v. Milam,* 53 Okl. 739, 157 P. 941 (1915). However, this rule is overcome when there is a strong showing of fraud or some equally valid excuse for such ignorance. *Borden v. Day,* 197 Okl. 110, 168 P.2d 646 (1946). *White v. Kincaid,* 117 Okl. 19, 230 P. 908 (1924).

Guarantor has not shown any evidence of actual fraud nor has Guarantor cited to this Court any case stating the Bank has a duty to read a contract to one who has the faculties to read it himself.

Finally, Guarantor states he was not notified of release of collateral. However, the contract clearly states the Bank has his consent to do this.

JUDGMENT AFFIRMED.

ROBINSON, P.J. and GARRETT, J., concur.