**The CADLE COMPANY, Appellant,**

v.

**Sally Cooper BIANCO, a/k/a Sally Cable, and Robert C. Johnston, Appellees.**

**No. 78,658.**

Court of Appeals of Oklahoma, Division No. 3.

Dec. 22, 1992.

Rehearing Denied Feb. 9, 1993.

Bruce F. Klein, Oklahoma City, for appellant.

Herbert F. Hewett, Stuart W. Emmons, Oklahoma City, for appellees.

## OPINION

HANSEN, Vice Chief Judge:

On September 14, 1981, John Bianco and his then wife, Sally Bianco Cable (Cable), executed and delivered a note to First National Bank and Trust Company (FNB).

On March 2, 1982, Cable executed and delivered to FNB her unlimited Guaranty Agreement. On April 23, 1981, Robert Johnston (Johnston) executed and delivered to FNB his limited Guaranty Agreement.

On September 12, 1985, FNB obtained judgment against Bianco and Cable on the note in the case styled *Staples v. Bianco, et al.*, District Court of Oklahoma County, case number CJ–84–4980. In that lawsuit, FNB did not attempt to enforce either Cable or Johnston's separate guaranty agreements.[1]

Sometime later, FNB was declared insolvent and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver.

FDIC assigned all of its right, title and interest in the note and the guaranty agreements to Mundaca Investment Company. In either 1988 or 1989, Mundaca then assigned to the Cadle Company (Plaintiff) all of its right, title and interest in the note and the guaranty agreements. Apparently neither FDIC nor Mundaca was aware the note had been reduced to judgment.

On September 12, 1990, Plaintiff filed an action against John Bianco[2], Cable, and Johnston. It alleged two causes of action. In its first cause of action, Plaintiff alleged Bianco defaulted on the note and was indebted to it for a sum certain.[3] In its second cause of action, Plaintiff. alleged that because Bianco defaulted on the note, Cable and Johnston were liable pursuant to the two separate agreements which guaranteed all the present and future indebtedness of Bianco.[4] On October 10, 1990, Ca-

1. Although both Bianco and Cable executed the September 14, 1981, note which was reduced to judgment against them both on September 12, 1985, Plaintiff's first cause of action is against Bianco only.

2. John Bianco was never served as a defendant in the instant case.

3. Plaintiff's first cause of action against Bianco is not the subject of its appeal.

4. The guaranty agreements executed by Cable and Johnston provide in pertinent part:
   The undersigned Guarantor ... guarantees the prompt payment when due of any and all

liability or indebtedness of the debtor [Bianco] ... to the bank [FNB], now existing or hereafter arising, including, but not limited to: principal, interest, and all expenses of collection of any nature incurred by Bank, (all of which is hereinafter called the 'Indebtedness') irrespective of any invalidity therein, the unenforceability thereof, or the insufficiency, invalidity or unenforceability of any security interest which might be given therefor by debtor.
The obligation of the Guarantor ... is an absolute, unconditional and continuing guaranty of payment of the indebtedness....

ble filed her answer and on October 30, 1990, Johnston filed his answer.

On that same day, October 30, 1990, Plaintiff discovered the existence of the September 12, 1985 judgment. It then notified FDIC and Mundaca. FDIC then assigned the judgment to Mundaca and on April 10, 1991, Mundaca assigned the judgment to Plaintiff.

On June 14, 1991, Plaintiff filed a motion for leave to amend its petition to reflect that "its cause of action is now against the Guarantors, Robert C. Johnston and Sally Cooper Bianco, for payment of "the Judgment rendered on September 12, 1985, in favor of First National Bank and Trust Company, and against John Bianco, Jr." Therein, Plaintiff argued the judgment, and not just the note itself, was a form of indebtedness contemplated by the guaranty agreements.

On June 26, 1991, the trial court denied Plaintiff's motion for leave to amend its petition because "to do otherwise would permit the plaintiff to revive an otherwise dormant judgment." [5]

On October 25, 1991, the trial court sustained Cable's and Johnston's motions for summary judgment. In doing so, it found that on September 27, 1985,[6] when FNB obtained judgment on the note, the note merged into the judgment; that the judgment was already dormant on April 10, 1991, the date of the assignment of the judgment to Plaintiff. The trial court also found the statute of limitations had run on the note, the judgment, and the guaranty, and Plaintiff did not become owner of the judgment until after the dormancy occurred and the applicable statute of limitations had run.

On January 27, 1992, the trial court granted Johnston and Cable's motion to tax costs and attorney fees.

Plaintiff appeals the above orders.

■ As one of its propositions of error, Plaintiff complains the trial court erred in sustaining Cable and Johnston's motions for summary judgment. Specifically, it argues the trial court erred in finding statute of limitations had run on Plaintiff's guaranty cause of action. We disagree. The statute of limitations begins to run against a cause of action at the time that cause of action accrues. 12 O.S.1991 § 92. An action upon an agreement in writing must be commenced within five years after it accrues. 12 O.S.1991 § 95(1).

Plaintiff submits a cause of action on a guaranty accrues when a judgment becomes final. In support of its argument, it cites this Court to *Rucker v. Republic Supply Company*, 415 P.2d 951 (Okla.1966). Therein, the Supreme Court held the cause of action on the guaranty agreement accrued when the judgment against the debtor became final. Although the guarantor had executed an unconditional, revolving, general, continuing, written guaranty agreement similar to the agreements in the instant case, the agreement in *Rucker* also guaranteed payment of any indebtedness, *including judgments*. The agreement in the instant case does not specifically include a guaranty of judgments. Moreover, it does not mention 12 O.S.1991 § 332. Section 332 specifically provides that a guarantor is liable *immediately* on default of the principal, and without demand or notice.

The record reveals Bianco defaulted by failing to make payments on the note sometime prior to September 5, 1984. However, even if we calculate the statute of limitations from September 5, 1984, the date FNB filed its action to collect on the note from Bianco, the statute had run by the time Plaintiff filed its action on September 12, 1990. Plaintiff's cause of action on the guaranty is time-barred. There are no disputed facts at issue herein. Thus, as a matter of law, the trial court did not err in sustaining Cable and Johnston's motions for summary judgment.

---

5. 15 O.S.1991 § 332 provides:
  A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice.

6. The record reflects the judgment was rendered on September 12, 1985 and file stamped on September 27, 1985.

■ Plaintiff also contends the trial court erred in denying its motion for leave to amend its petition to reflect a cause of action for payment on the judgment rather than on the note. However, even if the trial court had granted Plaintiff's motion, its cause of action on the guaranty agreements is still time-barred. It is irrelevant whether the cause of action on the guaranty was based on the note or on the judgment. The judgment against Bianco did not create a new cause of action with a new statute of limitations against Cable and Johnston. As Plaintiff admits, "only the underlying form of the indebtedness changed from a note to a judgment."

■ Plaintiff further complains the trial court erred in awarding attorney fees pursuant to 12 O.S.1991 § 936.[7] It repeats that its cause of action against Cable and Johnston is for liability on the guaranty agreements, not to recover on the note. Therefore, an award of attorney fees based on guaranty agreements does not fall within the purview of § 936. We disagree. Section 936 allows an award of attorney fees to prevailing parties in actions on a "note" which is involved in this action. Herein guarantors "unconditionally guaranteed payment of the note." Inclusive in their promise to pay "any and all liability or indebtedness" was a promise to pay the note. *Federal National Bank v. Shanon Drilling*, 762 P.2d 928 (Okla.1988); *National Educators Life Insurance Company v. Apache Lanes, Inc.*, 555 P.2d 600 (Okla.1976). The trial court did not err in awarding attorney fees to Cable and Johnston.

**AFFIRMED.**

BAILEY, P.J., and HUNTER, J., concur.

---

7.  12 O.S.1991 § 936 provides:
    In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or servic-

es, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.